UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-cv-80426-DIMITROULEAS/MATTHEWMAN

PURE POOLS, INC., d/b/a API,
a Florida corporation,

    Plaintiff,

vs.

OXYGEN POOLS, LLC,
a Florida limited liability company,

    Defendant.
_____/

OXYGEN POOLS, LLC,

    Counter-Plaintiff,

vs.

PURE POOLS, INC.,

    Counter-Defendant,

and

DAVD STUART,

    Third-Party Defendant,
_____/

FILED BY ___KJZ___ D.C.

Aug 13, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING PURE POOLS, INC.'S AND DAVID STUART'S MOTION TO COMPEL COUNTER-PLAINTIFF TO PROVIDE BETTER <u>RULE 26(a)(1)(a) DISCLOSURES [DE 36]</u>**

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant, Pure Pools, Inc. ("Pure Pools"), and Third-Party Defendant, David Stuart's ("Stuart") Motion to Compel Counter-Plaintiff to Provide Better Rule 26(a)(1)(a) Disclosures ("Motion") [DE 36]. The Motion was

1

referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 20. The Court has reviewed all of the filings related to the Motion. [DEs 36, 40, 41, 42, and 45]. The Court finds that it is not necessary to hold a hearing on the matter. Therefore, the matter is ripe for review.

### A. Whether the Motion Should Be Granted by Default

Pure Pools and Stuart filed the Motion on July 8, 2020. On July 22, 2020, they filed a Supplemental Notice [DE 40]. In the Supplemental Notice, they argued that, pursuant to the Court's Order Setting Discovery Procedure, Defendant/Counter-Plaintiff, Oxygen Pools, LLC ("Oxygen Pools"), was required to file its response the Motion within five (5) business days of service of the discovery motion, so the response was due on or before July 15, 2020. *Id.* Pure Pools and Stuart requested that the Motion be granted by default due to Oxygen Pools' failure to file a timely response. *Id.*

On July 22, 2020, Oxygen Pools filed a response to the Motion [DE 41] and a response to the Supplemental Notice [DE 42]. In response to the Supplemental Notice, Oxygen Pools contends that it did not believe that the Order Setting Discovery Procedure applied because this is not a dispute over discovery responses, that it filed a timely response to the Motion per the response date that was listed on the docket by the Clerk's Office, and that counsel for Pure Pools and Stuart never conferred with counsel for Oxygen Pools before filing the Supplemental Notice. [DE 42].

Pure Pools and Stuart filed an Omnibus Reply [DE 45] on July 23, 2020. They assert that the Motion seeks relief under the federal discovery rules, that Oxygen Pools was required to comply with the Court's Order Setting Discovery Procedure and failed to do so, and that Pure Pools and Stuart were under no obligation to inform Oxygen Pools concerning when its response

was due. *Id.*

The Court has carefully considered the parties' arguments regarding the timeliness of Oxygen Pools' response. Oxygen Pools should have filed its response in compliance with the time frame set forth in the Court's Order Setting Discovery Procedure [DE 21]. However, since the Motion involves initial disclosures and is not a cut and dry motion to compel discovery responses, the Court will not grant the Motion by default at this juncture. Oxygen Pools' mistake appears to be inadvertent. This Court prefers to dispose of motions on the merits whenever possible, rather than by default.

All parties and counsel in this case are hereby put on notice that the Court will enforce the requirements of its Order Setting Discovery Procedure if any additional discovery or discovery-related motions are filed in this case.

### B. Whether the Motion Should Be Granted on the Merits

### Motion, Response, and Reply

Pure Pools and Stuart contend that Oxygen Pools' Initial Disclosures dated June 5, 2020, are deficient in their description of their computation of damages. [DE 36, p. 2]. After the parties conferred, Oxygen Pools served its Revised Initial Disclosures on June 29, 2020. *Id.* However, Pure Pools and Stuart assert that the Revised Initial Disclosures are also deficient as to computation of damages. *Id.* They argue that Oxygen Pools "has failed to comply with the provisions of Rule 26(a)(1)(A)(iii), by refusing to provide [Pure Pools and Stuart] with a computation of damages and supporting documents as to each category of damages sought against Counter-Defendants." *Id.* at p. 4. They further assert that the Revised Initial Disclosures provide "zero computation of damages sought for its claims of trade libel, tortious interference, deceptive and unfair trade practices, false

3

patenting, false designation of origin, or unfair competition." *Id.* Pure Pools and Stuart concede that Rule 26 "does not require Oxygen to have a detailed calculation of all damages down to the penny at the outset of the matter," but they maintain that the Rule "does require a meaningful disclosure of its damages' computation(s), as well as the documents that support the calculation(s), based upon information existing at the time of disclosure." *Id.* Pure Pools and Stuart are requesting attorney's fees and expenses associated with filing the Motion. *Id.* at p. 5.

In response, Oxygen Pools argues that it will not know the full extent of its damages until it receives documents and information pursuant to its initial discovery requests to Counter-Defendant and subpoenas to 17 of Counter-Defendant's customers. [DE 41, p. 3]. Oxygen Pools argues that the Motion is premature as it needs additional discovery responses and subpoena responses in order to determine its damages for its claims of trade libel (Count I); false designation of origin under 15 U.S.C. § 1125(a) (Count II); violation of the anti-cybersquatting protection act (15 U.S.C. § 1125(d) (Count III); tortious interference with business relationships (Count IV); False Patent Marking under 35 U.S.C. § 292 (Count V); unfair competition (Count VI); and deceptive and unfair trade practices (Count VII). *Id.* at pp. 3-5. Finally, Oxygen Pools contends that Pure Pools' own Initial Disclosures belie its Motion because Pure Pools "similarly admit[s] that as to at least some of its claimed damages, Counter-Defendant cannot, at this time, identify them without obtaining discovery from Oxygen Pools and an expert opinion." *Id.* at p. 6. Oxygen Pools is seeking attorney's fees and costs associated with filing its response. *Id.* at p. 7.

In reply, Pure Pools and Stuart argue that "the non-party discovery will not assist Oxygen in calculating its loss revenue, lost sales, lost profits, or any other actual damages" because, as acknowledged in Oxygen Pools' Revised Initial Disclosures, "[t]hese damages will come from

4

financial information and knowledge only Oxygen has in its possession. Oxygen's Amended Counterclaim further reveals it has such information in its possession. Indeed, each of Oxygen's claims reveals it has information to provide Pure Pools with at least some computation of its damages." [DE 45, p. 2]. Pure Pools and Stuart assert that, "[w]hile the non-party discovery may expand on such damages, Oxygen is required to provide a computation of each category of damages based on the information available [to] it." *Id.* at p. 3. Finally, Pure Pools and Stuart argue that Pure Pools' Initial Disclosures do not in any way support Oxygen Pools' argument that it cannot yet calculate damages. *Id.* at p. 4.

## Court's legal Analysis and Ruling

As the parties are aware, Federal Rule of Civil Procedure 26(a)(1)(A) sets forth the requirements for Initial Disclosures. Rule 26 states in relevant part that parties are required to provide to the opposing parties "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

> Oxygen Pools' Revised Initial Disclosures state the following regarding damages:
>
> Oxygen Pools, LLC has not yet computed its damages. However, it seeks at least $700,000 as a result of Plaintiff's cybersquatting plus damages relating to Plaintiff's trade libeling, tortious interference, and false patent marketing. The cybersquatting damages are calculated based on 15 U.S.C. § 1117(d), which permits recovery of $100,000 per cybersquatted domain.
>
> Damages caused by Plaintiff's trade libeling, tortious interference, deceptive and unfair trade practices, and related claims are expected to be calculated by determining the amount of revenues Oxygen Pools lost from customers and potential customers to whom Plaintiff published false and defamatory statements

5

> concerning Oxygen Pools.
>
> Damages caused by Plaintiff's false patent marking are expected to be calculated by determining the amount of revenues Oxygen Pools lost as a result of Plaintiff's having published and distributed, either directly or through Poolcorp, advertising and marketing materials falsely stating that E-Z Pool is patented or is a patented program.
>
> Oxygen Pools expects to derive this revenue information during the course of discovery.

[DE 36-2, p. 4].

The Southern District of Florida case of *DRC Emergency Servs., LLC v. Ashbritt, Inc.*, No. 14-62924, 2015 WL 12746109 (S.D. Fla. June 19, 2015) (J. Snow), is similar to the case at hand. In *Ashbritt*, the defendant claimed that the plaintiff's disclosures were deficient because they failed to provide a computation of damages. The plaintiff amended its disclosures but emphasized that a final computation could be made only after the completion of fact and expert discovery. *Id.* at *1. Although Judge Snow agreed with the plaintiff that it would be unreasonable to expect the plaintiff to make a definitive damages disclosure at such an early stage of the proceeding, she concluded the plaintiff should still be able to disclose **estimated** lost profits. *Id.* at *3. The court specifically found that the plaintiff should be able to disclose "its estimated lost profits resulting from the loss of the Broward County contract, and what it thus far has paid to outside professionals in connection with repairing its reputation. Both calculations can and should be supplemented pursuant to Rule 26(e) as evidence is uncovered during the course of discovery, and the initial calculations will in no way bind or otherwise prejudice the Plaintiff." *Id.* The Court agrees with Judge Lurana Snow's analysis.

In this case, Oxygen Pools argues that it cannot provide a computation of damages, including lost profits, until it receives the documents and information requested in its initial

discovery requests to Pure Pools and Stuart, as well as the subpoenas to 17 customers. However, "a party is not excused from making such initial [damages] disclosures merely because it has not completed investigating the case. . . or because another party has not made its disclosures." *Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-80435, 2008 WL 11320011, at *5 (S.D. Fla. Mar. 10, 2008); *see also Gonzalez v. LiveOps, Inc.*, No. 1:08-CV-0813-BBM, 2008 WL 11324067, at *3 (N.D. Ga. Sept. 29, 2008) (The Federal Rules do not contemplate waiting for discovery before providing any computation of damages. Rule 26 requires that "a party must, without awaiting a discovery request, provide" a computation of damages.) (quoting Fed. R. Civ. P. 26(a)(1)); *McKenney's, Inc. v. Shumate Mech., LLC*, No. 1:07-CV-1727-BBM, 2008 WL 11336219, at *2 (N.D. Ga. June 6, 2008) ("These disclosures are to be made by the plaintiff 'based on information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case.'") (quoting *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 683 (N.D. Ga. 2000)).

In light of the relevant case law and the wording of Rule 26, the Court finds that Oxygen Pools "must merely disclose 'the best information then available to it concerning the claim, however limited and potentially changing it may be.'" *Pressman v. Publix Super Markets, Inc.*, No. 06-61350, 2007 WL 9700541, at *1 (S.D. Fla. May 3, 2007); *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 618CV1823ORL31LRH, 2019 WL 5294942, at *2 (M.D. Fla. Apr. 15, 2019) ("[A]lthough estimates are often necessary in lieu of the precise damage calculation, they do not preclude a party from complying with the rule." ) (quoting *Peninsula Grp. Capital Corp. v. Greater Orlando Aviation Auth.*, No. 6:09-cv-2097-Orl-35GJK, 2010 WL 11507775, at *3 (M.D. Fla. June 17, 2010)). Nevertheless, Oxygen Pools' estimated damages must not be based on

7

speculation, but rather "'some analysis' [must be made] of how the relevant facts lead to that dollar figure." *Id.* Moreover, Oxygen Pools' damages estimate may be subject to change as both parties have a "continuing duty to supplement" their initial disclosures "if the part[ies] learn that in some material respect the disclosure is incomplete and if the additional information has not otherwise been made known to the other parties during the discovery process." *Pressman*, 2007 WL 9700541, at *1; *Boldstar Tech., LLC*, 2008 WL 11320011, at *2.

More specifically, in light of Oxygen Pools' own wording in its Revised Initial Disclosures, Oxygen Pools should be able to, even at this early juncture, estimate the damages caused by Pure Pools and Stuart's alleged trade libel, tortious interference, deceptive and unfair trade practices, and related claims because Oxygen Pools should have some information about the amount of revenues lost from customers and potential customers to whom Pure Pools and Stuart allegedly published false and defamatory statements concerning Oxygen Pools. Furthermore, Oxygen Pools should be able to estimate damages caused by Pure Pools and Stuart's alleged false patent marking because Oxygen Pools should have some information about the amount of revenues it lost as a result of Pure Pools and Stuart allegedly having published and distributed, either directly or through Poolcorp, advertising and marketing materials falsely stating that E-Z Pool is patented or is a patented program. Oxygen Pools can always supplement or revise its estimated damages after it has obtained discovery. Therefore, the Court shall require Oxygen Pools to serve a more fulsome initial damages disclosure.

### C. Whether Sanctions Should be Awarded

Because the Court is granting the Motion, there is no need to consider Oxygen Pools' request for attorney's fees and costs, and it is summarily DENIED. The Court shall, however,

consider Pure Pools' and Stuart's request for attorney's fees and costs. Oxygen Pools did revise its Initial Disclosures after Pure Pools and Stuart asked it to do so. Furthermore, the Court does not believe that Oxygen Pools' position on this matter is entirely unreasonable. Thus, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)(ii) and (iii), the Court finds that no sanctions should be awarded against Oxygen Pools and in favor of Pure Pools and Stuart because Oxygen Pools' response was substantially justified and the circumstances would make an award of expenses unjust. Thus, the request by Pure Pools and Stuart for an award of attorney's fees under Rule 37 is hereby DENIED.

### D.  Conclusion

Based on the forgoing, it is hereby **ORDERED AND ADJUDGED** that Pure Pools and Stuart's Motion to Compel Counter-Plaintiff to Provide Better Rule 26(a)(1)(a) Disclosures [DE 36] is **GRANTED.** Oxygen Pools, LLC, is **ORDERED** to serve revised Initial Disclosures that comply with the requirements Rule 26 and the applicable case law regarding the computation of damages on or before **August 20, 2020.** The Court will not sanction any of the parties or award attorney's fees to any of the parties.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of August, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge