UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-cv-80426-DIMITROULEAS/MATTHEWMAN

PURE POOLS, INC., d/b/a API,
a Florida corporation,

    Plaintiff,

vs.

OXYGEN POOLS, LLC,
a Florida limited liability company,

    Defendant.
_____/

OXYGEN POOLS, LLC,

    Counter-Plaintiff,

vs.

PURE POOLS, INC.,

    Counter-Defendant,

and

DAVD STUART,

    Third-Party Defendant,
_____/

FILED BY ____KJZ____ D.C.

Sep 9, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER ON PURE POOLS, INC.'s MOTIONS TO COMPEL [DEs 57, 65]**

THIS CAUSE is before the Court upon Plaintiff/Counter-Defendant, Pure Pools, Inc. d/b/a API's ("Plaintiff") Motion to Compel Documents Responsive to First Request for Production [DE 57] and Plaintiff's Cross-Motion to Compel Documents Responsive to the Second Request for

1

Production [DE 65]. The motions were referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 20. Defendant/Counter-Plaintiff, Oxygen Pools, LLC ("Defendant") filed a response [DE 58] to Plaintiff's Motion to Compel Documents Responsive to First Request for Production [DE 57], and Plaintiff filed a reply [DE 59]. Defendant did not file a timely response to Plaintiff's Cross-Motion to Compel Documents Responsive to the Second Request for Production [DE 65]. The parties filed a Joint Notice [DE 67], as required. The Court held a lengthy hearing on the motions via Zoom video teleconference on September 8, 2020.

The Court has carefully considered the relevant law, the motions, response, reply, the discovery requests and responses, the Joint Notice, and the arguments of counsel for both parties at the hearing, as well the entire docket in this case. Plaintiff cited case law in his motion to compel, while Defendant did not cite case law in his response. Defendant filed an affidavit in support of its position, while Plaintiff did not. Defendant has filed a counterclaim, and both parties have pending claims and defenses in this case.

The Court first finds that discovery regarding all four of Defendant's products, Pure & Simple, SimpleBlue Pool Water Systems Pool Manager, Formula "O", and Triple Tech, is relevant and proportional to the claims and defenses in this case. The Court understands and rejects Defendant's argument that Formula "O" and Triple Tech are pool maintenance kits which contain a standalone weekly additive, a sanitizer, and a device, so only the standalone weekly additive portion of the kits could possibly be relevant for discovery purposes. Defendant concedes that the weekly additive portion of the Formula "O" and Triple Tech kits has the same chemical composition as E-Z Pool (Plaintiff's product) and Defendant's other two products. Thus, Plaintiff should not be required to accept Defendant's argument that the two kits are not competitive with

2

E-Z Pool without the ability to test the argument. The Court finds that discovery regarding Formula "O" and Triple Tech must be produced at this juncture. The Court is not, however, making any finding about the admissibility of information about Formula "O" and Triple Tech before the trier of fact.

Next, the Court will consider the specific discovery requests at issue. Request for Production No. 6 of Plaintiff's First Request for Production [DE 57-3] seeks Defendant's client list for Pure & Simple, Pool Manager, Formula "O", and Triple Tech's customers from January 2015 to the present. The Court finds that the client list is relevant and proportional to the needs of the case and that Plaintiff has the right to investigate and speak to Defendant's clients in light of the claims and defenses asserted in this case. The Court will, therefore, require production of the client list, but will order that the list be designated "Attorneys' Eyes Only" under the parties' Confidentiality Stipulation [DE 35-1]. If Plaintiff later seeks to modify the "Attorneys' Eyes Only" designation, it can file a motion.

Request for Production No. 18 of Plaintiff's First Request for Production [DE 57-3] asks Defendant to produce documents that "reflect all profit and loss statements and financial spreadsheets identifying money spent by Oxygen to promote and/or advertise Pure & Simple, including any website(s), online marketing, or internet-based advertising during the Relevant Time Period." According to Plaintiff, Defendant has agreed to produce, but has not actually produced, all responsive documents relating to Pure & Simple and Pool Manager. The Court will require Defendant to additionally produce responsive documents related to Formula "O" and Triple Tech.

Request for Production No. 38 of Plaintiff's First Request for Production [DE 57-3] seeks "[a]ll financial statements, federal tax returns (and supporting documents), profit and loss

3

statements, balance sheets, income statements, statements of cash flows, general ledgers, and documents showing or referencing payments received by Oxygen for the direct or indirect sale of Pure & Simple to Oxygen customers from January 1, 2016 through the date of the response to this Request that identify income and expenses of Oxygen." The Court finds that the financial statements, profit and lost statements, balance sheets, income statements, and statements of cash flows are all relevant and proportional to the claims and defenses in this case, and particularly to the parties' damages. However, the portion of the request that seeks "documents showing or referencing payments received by Oxygen for the direct or indirect sale of Pure & Simple to Oxygen customers from January 1, 2016 through the date of the response to this Request that identify income and expenses of Oxygen" is vague, overbroad, and redundant to the remainder of the request. Finally, the Court notes that "when a party asks for tax returns, most courts acknowledge that the request raises public policy concerns." *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 409534, at *2 (S.D. Fla. Jan. 24, 2020). Additionally, "federal courts are split on whether income tax returns are entitled to enhanced protection from discovery." *Id.* At this juncture, the Court will not require production of Defendant's tax returns. However, this ruling is without prejudice to Plaintiff filing a renewed motion to compel if it determines that it has a good-faith basis to do so—for example, if Plaintiff's expert determines, after reviewing all of the other financial information produced by Defendant, that he or she needs the tax returns in order to determine either parties' damages.

Request for Production No. 2 of Plaintiff's Second Request for Production [DE 65-1] seeks documents "reflecting, evidencing, or identifying the chemical composition of Triple Tech." Request for Production No. 4 seeks the same documents regarding Formula "O." In light of

4

Defendant's counsel's representations in Court, it seems that the parties have come to an agreement and that Defendant is willing to produce documents regarding the chemical composition of the weekly additive portion of the Triple Tech and Formula "O" kits. There does not seem to be any dispute upon which the Court needs to rule. Therefore, the Court will deny the Cross-Motion as moot. The Court also cannot see why the chemical composition of the sanitizer in the kits would possibly be relevant to the claims or defenses in this case.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel Documents Responsive to First Request for Production [DE 57] is **GRANTED IN PART AND DENIED IN PART**.

    a. Defendant shall produce all responsive documents to Request for Production No. 6 of Plaintiff's First Request for Production on or before **September 21, 2020**. The client list shall be designated "Attorneys' Eyes Only."

    b. Defendant shall produce responsive documents to Request for Production No. 18 of Plaintiff's First Request for Production on or before **September 21, 2020**. This includes the documents that Defendant previously withheld on the basis that they relate to Triple Tech and Formula "O", as well as the documents Defendant promised to produce but never did.

    c. For Request for Production No. 38 of Plaintiff's First Request for Production, Defendant shall produce, on or before **September 21, 2020**, the requested financial statements, profit and lost statements, balance sheets, income statements, and statements of cash flows. Plaintiff's request for tax returns is denied without prejudice, as explained above.

2. Plaintiff's Cross-Motion to Compel Documents Responsive to the Second Request for Production [DE 65] is **DENIED AS MOOT**.

3. Plaintiff's request for attorney's fees and costs is DENIED. The Court finds that Defendant's objection was substantially justified and that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(C).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 9th day of September, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge